UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHAWN RUFFIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SAN FRANCISCO SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-07826-VKD<br><br>**ORDER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A; OF DISMISSAL WITH LEAVE TO AMEND** |

Pro se plaintiff Shawn Ruffin, who appears to be a pretrial detainee at the "San Francisco County Jail #3," filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against the San Francisco Sheriff's Department and numerous employees thereof. Dkt. No. 1 at 2. Mr. Ruffin has consented to magistrate judge jurisdiction. Dkt. No. 7. The Court granted Mr. Ruffin's motion for leave to proceed in forma pauperis in a separate order. Dkt. No. 8.

## I.  STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim arising under federal law, it must be clear from the face of plaintiff's well-pleaded complaint that there is a federal question. *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (per curiam). Mr. Ruffin has used the Court's form complaint for filing

an action under 42 U.S.C. § 1983, which "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

To state a claim for relief under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.  BACKGROUND

Mr. Ruffin alleges that on April 10, 2020, Deputy Truong and Senior Deputy James placed him in a cell that was not up to "institution standards" as it was "filthy," the sink was not working, and it had just been sprayed for COVID-19 virus a few hours earlier. Dkt. No. 1 at 3. Mr. Ruffin also alleges that on April 11, 2020, Deputy Orsha discriminated against him when Deputy Orsha took away a phone from him when he asked for a spray bottle to clean it, and then proceeded to give the phone to a "caucasian-white inmate" whom Mr. Ruffin asserts is a member of Deputy Orsha's "LGBTQ Community." *Id.* Mr. Ruffin also alleges that Lt. Collins and Lt. Martindale deprived him of a shower for five days, from August 10, 2020 to August 15, 2020. *Id.* Mr. Ruffin names numerous other individuals as defendants, claiming that there is a total of "105 to 110" total deputy officers involved, but makes no specific allegations against them in his statement of claim. *Id.* at 2. Mr. Ruffin seeks "criminal prosecution" against the deputies as well as damages. *Id.* at 3.

## III.  DISCUSSION

### A.  Conditions of Pretrial Detention

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Accordingly, as a pretrial detainee, Mr. Ruffin's allegations regarding unsanitary cell conditions and the deprivation of a shower, liberally construed, implicate his rights under the Fourteenth Amendment.

1  The state may detain a pretrial detainee "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution." *Id.* at 536–37. If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective it does not, without more, amount to punishment. *Id.* at 539. Because states must be able to take steps to maintain security and order at pretrial facilities, restrictions and conditions that are reasonably related to a facility's interest in maintaining jail security and order are not, without more, unconstitutional punishment. *Id.* at 540.

To determine whether a particular condition or restriction of pretrial detention amounts to punishment in the constitutional sense of the word, the Court first looks to whether the disability imposed is for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. *Id.* at 538. Absent a showing of an express intent to punish, whether a condition or restriction amounts to punishment generally will turn on whether there is an alternative, rational purpose for the condition/restriction, and whether the condition/restriction appears excessive in relation to that alternative purpose. *Id.*; *Demery v. Arpaio*, 378 F.3d 1020, 1028 (9th Cir. 2004). If a restriction or condition is not reasonably related to a legitimate goal, i.e., if it is arbitrary or purposeless, a court may infer that the purpose of the governmental action is punishment. *Bell*, 441 U.S. at 539; *see, e.g.*, *Demery*, 378 F.3d at 1029–33 (upholding injunction against webcams that streamed live images of pretrial detainees to Internet users around world because webcam transmissions harmed detainees by publicly humiliating them and were not an incident of a legitimate governmental purpose).

The allegations in the complaint are insufficient to state a Fourteenth Amendment claim. Mr. Ruffin claims that he was placed in a "filthy" cell with a broken sink, and that the cell had just been sprayed for COVID-19. Dkt. No. 1 at 3. It is not clear whether Mr. Ruffin contends that the cell was "filthy" because of the broken sink and the COVID-19 spray, or whether he contends that these separate conditions collectively amount to impermissible punishment. In any event, Mr. Ruffin's allegations of fact are too sparse and conclusory for the Court to ascertain whether he has stated a plausible claim for violation of the Fourteenth Amendment relating to the conditions in

which he is held.[1]  The Court observes that spraying a cell to kill the virus that causes COVID-19 is inconsistent with such a claim.  Mr. Ruffin may amend his claim to attempt to state sufficient facts to support a Fourteenth Amendment claim under *Bell*.

Mr. Ruffin's allegation that he was not afforded a shower for five days is also insufficient to state a claim for relief.  He does not allege any facts from which the Court may infer that these circumstances are so severe as to constitute punishment or that they were not simply incidental to some legitimate governmental purpose.  Mr. Ruffin may amend his claim to attempt to allege sufficient facts to establish that the deprivation of a shower for five days amounts to punishment in his particular circumstances.

### B. Discrimination

Although his allegations are not specific, Mr. Ruffin appears to allege that Deputy Orsha discriminated against him by taking away a phone and then giving it to a white inmate who is a member of the LGBTQ community.  Dkt. No. 1 at 3.  The complaint contains no allegations about Mr. Ruffin's race, gender identity, or sexual orientation.

Liberally construed, Mr. Ruffin appears to be attempting to state a violation of his right to equal protection.  When challenging his treatment with regard to other prisoners as a violation of equal protection, courts have held that a prisoner must allege that his treatment is invidiously dissimilar to the treatment other inmates received.  *More v. Farrier*, 984 F.2d 269, 271–72 (8th Cir. 1993) (absent evidence of invidious discrimination, federal courts should defer to judgment of prison officials); *Timm v. Gunter*, 917 F.2d 1093, 1099 (8th Cir. 1990) (same).  The first step in

---

[1] Because the Eighth Amendment serves as benchmark for evaluating pretrial detainees' conditions of confinement claims, *see Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (Eighth Amendment guarantees provide minimum standard of care for pretrial detainees), some Eighth Amendment cases discussing cell conditions may be instructive.  *See, e.g.*, *Taylor v. Riojas*, 141 S.Ct. 52, 53–54 (2020) (per curiam) (four days in cell covered "nearly floor to ceiling, in massive amounts of feces: all over the floor, the ceiling, the window, the walls, and even packed inside the water faucet," followed by two days in "frigidly cold cell" with sewage on the floor and no bed or clothes such that plaintiff was "left to sleep naked in sewage" violates the Eighth Amendment); *but cf. Anderson v. Cty. of Kern*, 45 F.3d 1310, 1314–15 (9th Cir. 1995) (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain), *amended*, 75 F.3d 448 (9th Cir. 1995), *cert. denied*, 516 U.S. 916 (1995); *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1985) (no claim stated where prisoner forced to spend two days in hot dirty cell with no water); *Evans v. Fogg*, 466 F. Supp. 949 (S.D.N.Y. 1979) (no claim stated by prisoner confined for 24 hours in refuse strewn cell and for two days in flooded cell).

determining whether the inmate's equal protection rights were violated is to identify the relevant class of prisoners to which he belongs. *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). The class must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified. *Id.* at 1031 (affirming district court's grant of defendants' motion for summary judgment because inmate failed to raise triable issue of fact that he was treated differently than any other inmate whom the officers did not know was entitled to a vegetarian meal). Here, Mr. Ruffin alleges no facts that would permit the Court to discern the class or classes of prisoners to which he belongs or how the treatment he received was invidiously dissimilar to that received by other inmates. He shall be afforded one opportunity to file an amended complaint to attempt to allege sufficient facts to state a cognizable equal protection claim.

### C. Liability of Other Named Defendants

As stated above, Mr. Ruffin also names numerous other individuals as defendants, claiming that there is a total of "105 to 110" total deputy officers involved, but he makes no specific allegations against them. Dkt. No. 1 at 2. Accordingly, these named defendants should be dismissed for failure to state a claim for relief against them. Since Mr. Ruffin has been granted leave to amend the claims discussed above, he may include additional factual allegations sufficient to state cognizable claims against these other defendants in the amended complaint, assuming he can do so in good faith.

In preparing an amended complaint, Mr. Ruffin may wish to keep the following principles in mind. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he commits an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is **DISMISSED** with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, plaintiff shall file an amended complaint using the Court's form complaint. The amended complaint must include the caption and civil case number used in this order, i.e., Case No. C 20-07826 VKD (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes the original complaint, and plaintiff may not make references to the original complaint. Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

2. **Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in this matter being reassigned to a district judge with the recommendation that the matter be dismissed without further notice to plaintiff.**

The Clerk of the Court shall include two copies of the Court's form complaint with a copy of this order to plaintiff.

**IT IS SO ORDERED.**

Dated: March 5, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge